■ VALERIE LEZOLI, an Infant, by MARY A. LEZOLI, Her Guardian ad Litem, et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action by an infant to recover damages for personal injuries, and by her mother for medical expenses and loss of services, the appeal is (1) from a

judgment entered on a dismissal of the complaint at the close of appellants' case, and (2) from the order dismissing the complaint. Judgment reversed and a new trial granted, with costs to abide the event. Respondent operated a playground in which there was a seesaw with a handle missing from one end for at least a week prior to the accident. The infant sat on the seesaw at the end with the missing handle. An unknown girl pressed down the other end of the seesaw, without warning, causing the infant to fall after making a motion to catch the handle which should have been there. The trial court dismissed the complaint on the ground that the accident was caused by the intervening act of the unknown girl. In our opinion, it was for the jury to determine whether respondent could have reasonably anticipated the act of the unknown girl and whether its negligence in failing to replace the missing handle contributed to the accident. (*Raga* v. *Kresge Co.*, 274 App. Div. 966.) Appeal from order dismissed, without costs. No such order is printed in the record. Beldock, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., concur in the dismissal of the appeal from the order but dissent from the reversal of the judgment and the granting of a new trial, and vote to affirm the judgment, with the following memorandum: Under the circumstances it must be held as a matter of law that the absence of the handle on the seesaw in no way contributed to the accident.